NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAIME OSIEL JAIMES-GRANADOS, | No. 24-7024 |
| Petitioner, | Agency No. A208-198-220 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2026**
Phoenix, Arizona

Before: GRABER, HURWITZ, and DESAI, Circuit Judges.

Petitioner Jaime Osiel Jaimes-Granados, a native and citizen of Mexico,
timely seeks review of a decision by the Board of Immigration Appeals ("BIA")
dismissing his appeal from an order of an immigration judge ("IJ") denying his

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

applications for withholding of removal and post-conclusion voluntary departure. We deny the petition in part and grant it in part.

1. Substantial evidence supports the agency's determination that Petitioner failed to establish the required nexus between past harm or feared future harm and Petitioner's membership in the proposed particular social groups consisting of his mother's and father's families. See Rodriguez-Zuniga v. Garland, 69 F.4th 1012, 1018 (9th Cir. 2023) (stating legal standard). The agency permissibly found that the members of an unknown cartel who threatened Petitioner's grandmother, and who told her to convey the threat to Petitioner's entire family, were motivated by the desire to further their criminal agenda, not by familial ties. See Zetino v. Holder, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from . . . random violence by gang members bears no nexus to a protected ground."). Because "[t]he lack of a nexus to a protected ground is dispositive of his . . . withholding of removal claim[]," Riera-Riera v. Lynch, 841 F.3d 1077, 1081 (9th Cir. 2016), Petitioner has failed to demonstrate that the alleged due process violations may have affected the outcome of the proceedings, see Zamorano v. Garland, 2 F.4th 1213, 1226–27, 1228 (9th Cir. 2021).

2. The BIA erred as a matter of law by relying on non-existent criminal convictions in denying, as a matter of discretion, Petitioner's application for post-conclusion voluntary departure. We have jurisdiction to review "constitutional

claims or questions of law in challenges to denials of voluntary departure under

§ 1229c," Zamorano, 2 F.4th at 1221 (quoting Corro-Barragan v. Holder, 718 F.3d

1174, 1177 (9th Cir. 2013)), including "whether the [agency] failed to consider the

appropriate factors or relied on improper evidence," id. (quoting Anaya-Ortiz v.

Holder, 594 F.3d 673, 676 (9th Cir. 2010)).  Because the record and the IJ's order

do not reflect that Petitioner has been convicted of any drug-possession offense,

the BIA improperly relied on "convictions for possession of drugs" as an

unfavorable factor in its voluntary departure analysis.  We therefore grant the

petition with respect to Petitioner's application for post-conclusion voluntary

departure and remand to the BIA to reweigh the "favorable and unfavorable

factors" that are reflected in the record "by evaluating all of them, assigning weight

or importance to each one separately and then to all of them cumulatively."  Id.

(quoting Campos-Granillo v. INS, 12 F.3d 849, 852 (9th Cir. 1993)).

**PETITION DENIED IN PART AND GRANTED IN PART;**

**REMANDED WITH INSTRUCTIONS.**